IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELLEN ROGERS,<br><br>      Plaintiff,<br><br>vs.<br><br>NEBRASKA URBAN INDIAN HEALTH COALITION, INC., a non-profit corporation,<br><br>      Defendant. | 8:22–CV–410<br><br>MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) |

   Defendant Nebraska Urban Indian Health Coalition, Inc., (NUIHC), has moved to dismiss the Complaint filed by plaintiff Ellen Rogers. Filing 6 at 1. Rogers captions her four claims as follows: (1) Violation of Title VII; (2) Violation of Title VII, Religious Discrimination;[1] (3) Violation of Nebraska Fair Employment Practice Act; and (4) Violation of Nebraska Fair Employment Practice Act Failure to Accommodate. Filing 1 at 2–4. NUIHC makes this motion pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that each of the four claims Rogers alleges fails to state a claim for relief. Filing 6 at 1; Filing 7 at 5. Rogers opposes the Motion, but alternatively "seeks leave to amend her Complaint consistent with any ruling of the Court" to the extent the Court agrees with NUIHC. Filing 9 at 4. The Court grants NUIHC's Motion to Dismiss in part and denies it in part. Counts I and IV fail to state claims; however, Counts II and III satisfy Rule 8 pleading standards. Because Rogers has failed to follow the rules for seeking leave to amend her Complaint, the Court dismisses Counts I and IV without prejudice. Rogers may seek leave to amend in the future provided she complies with the rules for doing so.

---

[1] Although Rogers captions Count II as a "religious discrimination" claim, it is in substance a retaliation claim. *See* Filing 1 at 3 (¶¶21–28) (alleging that "Title VII prohibits an employer from retaliating against an employee who asserts their protective rights under Title VII" and that by terminating Rogers' employment after she requested a religious exemption from COVID-19 vaccination, NUIHC "retaliated against her in violation of Title VII").

## I. BACKGROUND[2]

### A. Factual Background

The four claims at issue in this suit all arise out of the same underlying set of circumstances. *See generally* Filing 1. Rogers's employment with NUIHC was terminated in October 2021 after she refused a COVID-19 vaccination. Filing 1 at 1–2 (¶¶5, 9). Prior to her termination, Rogers had worked at NUIHC for approximately three years and eight months and served as NUIHC's Chief Financial Officer. *See* Filing 1 at 1–2 (¶¶1, 6, 9). According to Rogers's brief, NUIHC instituted a policy requiring all employees to be vaccinated against COVID-19. Filing 9 at 1. Rogers claims she refused the COVID-19 vaccine "due to sincerely held religious beliefs and because she previously had COVID and had natural antibodies[.]" Filing 1 at 2 (¶9). Accordingly, she attempted to seek a religious accommodation from NUIHC that would excuse her from COVID-19 vaccination. Filing 1 at 2 (¶10). Rogers claims that despite this request, NUIHC "refused to engage in any sort of negotiation or even attempt to find a reasonable accommodation." Filing 1 at 2 (¶10). Instead, Rogers's request for a religious accommodation was denied on October 4, 2021. Filing 1 at 2 (¶9). Her employment with NUIHC was terminated four days later on October 8, 2021. Filing 1 at 2 (¶9). This lawsuit followed. Filing 1 at 1.

### B. Procedural Background

*1. The Four Claims Alleged in Rogers's Complaint*

Rogers brings two claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Count I of her Complaint alleges NUIHC was required "to make a bona fide effort

---

[2] Except where otherwise indicated, the following facts are taken from Rogers's Complaint. *See Liscomb v. Boyce*, 954 F.3d 1151, 1153–54 (8th Cir. 2020) ("To avoid dismissal, the complaint must contain facts that, if 'accepted as true, . . . state a claim to relief that is plausible on its face.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (noting that on a Rule 12(b)(6) motion to dismiss "the court must take the plaintiff's factual allegations as true").

to reach an accommodation" because Rogers sought an exemption from the COVID-19 vaccine requirement and was able to perform the essential functions of her job without undue hardship to NUIHC, but that NUIHC violated Title VII by refusing to provide accommodations to her. *See* Filing 1 at 2–3 (¶¶11–20). Count II of her Complaint alleges that "Title VII protects the rights of persons with sincerely held religious beliefs" and prohibits employers "from retaliating against an employee who seeks a religious exemption from the COVID 19 vaccination policy[,]" but that by terminating Rogers's employment upon receipt of her request for a religious exemption, NUIHC "retaliated against her in violation of Title VII." Filing 1 at 3 (¶¶21–28).

Rogers also brings two claims pursuant to the Nebraska Fair Employment Practice Act (NFEPA), Neb. Rev. Stat. § 48–1101, *et seq*., in Counts III and IV of her Complaint. *See* Filing 1 at 3–4. Count III of her Complaint alleges that NFEPA protects the rights of persons with sincerely held religious beliefs and prohibits employers from retaliating against employees who assert their protective rights under NFEPA, but that NUIHC wrongfully denied Rogers's requests for a religious exemption and retaliated against her when it terminated her employment after receiving her request for a religious exemption. *See* Filing 1 at 3–4 (¶¶29–35). This claim generally mirrors her Title VII claim in Count II. *See* Filing 1 at 2–4. Count IV of her Complaint alleges that NUIHC violated NFEPA in refusing "to engage in any sort of negotiation or even attempt[ing] to find a reasonable accommodation" for Rogers after she sought a religious accommodation for her sincerely held religious beliefs. Filing 1 at 4 (¶¶36-37). This claim generally mirrors her Title VII claim in Count I. *See* Filing 1 at 2–4.

2.  *NUIHC's Motion to Dismiss*

Prior to answering, NUIHC filed this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Filing 6 at 1. NUIHC does not separately address the four distinct counts Rogers alleges in her Complaint. *See generally* Filing 7, Filing 10. NUIHC primarily attacks

3

Rogers's Complaint by arguing that she has "fail[ed] to plead any circumstances which would explain how her opposition to COVID-19 vaccination is rooted in religion or part of a broader religious faith." Filing 7 at 10. NUIHC insists that "it is necessary to consider whether [Rogers's] opposition to the COVID-19 vaccination is a religious belief under Title VII" and notes that she does "not lay out her religious beliefs in the Complaint." *See* Filing 7 at 8–9. Thus, in NUIHC's view, Rogers has not pleaded a claim under Title VII. Filing 7 at 8.

Rogers argues in her four-page opposition brief that she "brought her religious objections to [NUIHC] and requested either an exemption or a reasonable accommodation when mandated to get the vaccine. [NUIHC] refused to either make an exemption or a reasonable accommodation and fired [her]." Filing 9 at 2. Without providing any additional insight or specifics regarding the nature of her religious beliefs, she later contends in her brief that she "has satisfied federal pleading requirements" because she "has alleged fact [sic] which, accepted as true, contain a short and plain statement of the claim showing the Pleader is entitled to relief." Filing 9 at 3. However, Rogers alternatively posits that "should the Court determine otherwise, [she] seeks leave to amend her Complaint consistent with any ruling of the Court." Filing 9 at 4.

## II.  LEGAL ANALYSIS

### A.  Rule 12(b)(6) Standards

Upon a defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6), "[c]onclusory allegations and 'threadbare recitals of the elements of a cause of action' cannot survive . . . ." *Du Bois v. Bd. of Regents of Univ. of Minn.*, 987 F.3d 1199, 1205 (8th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Instead, "[a] claim survives a Rule 12(b)(6) motion to dismiss only if the complaint's nonconclusory allegations, accepted as true, make it not just 'conceivable' but 'plausible' that the defendant is liable." *Mitchell v. Kirchmeier*, 28 F.4th 888, 895 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 680-83). To put it another way, a court "must

4

determine whether a plaintiff's complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Far E. Aluminium Works Co. v. Viracon, Inc.*, 27 F.4th 1361, 1364 (8th Cir. 2022) (quoting *Braden v. WalMart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)). "Mere conclusory statements and factual allegations lacking enough specificity to raise a right to relief above the speculative level are insufficient to support a reasonable inference that the defendant is liable." *Richardson v. BNSF Ry. Co.*, 2 F.4th 1063, 1068 (8th Cir. 2021) (internal quotation marks and citations omitted). Moreover, "[w]hile the Court accepts as true all well-pleaded factual allegations and reasonable inferences drawn from those allegations, the Court need not stretch allegations beyond their sensible and reasonable implications." *Glick v. W. Power Sports Inc.*, 944 F.3d 714, 717 n.2 (8th Cir. 2019).

### B. Preliminary Considerations

The Court notes at the outset that the parties' failure to differentiate between the religious discrimination claims in Counts I and IV and the retaliation claims in Counts II and III has significantly muddled the matter. *See Ollis v. HearthStone Homes, Inc.*, 495 F.3d 570, 575–76 (8th Cir. 2007) (separately analyzing the plaintiff's "religious discrimination" claim from his "retaliation" claim and discussing their different respective elements); *Muldrow*, 30 F.4th at 690–91 (noting that in addition to Title VII's protection against unlawful discrimination, a separate provision of the Civil Rights Act prohibits retaliation). NUIHC collectively attacks all four Counts of the Complaint together. *See generally* Filing 7; Filing 10. In doing so, it fails to appreciate that these two types of claims require proof of different elements. *Compare Jones v. TEK Indus., Inc.*, 319 F.3d 355, 359 (8th Cir. 2003) (noting the elements of a religious discrimination claim under Title VII that a plaintiff must demonstrate as part of her *prima facie* case based on a failure to provide reasonable accommodations), *with Ollis*, 495 F.3d at 576 (noting the elements of a retaliation claim under Title VII that a plaintiff must demonstrate as part of his *prima facie* case

5

based on the exercise of a statutorily protected activity). Because NFEPA claims are generally analyzed under the same standards as their Title VII counterparts, Counts III and IV are also subject to different elements.[3]

The key distinction for present purposes is that Rogers's religious discrimination claims based on a failure to provide reasonable accommodations (*i.e.*, her Title VII claim in Count I and her NFEPA claim in Count IV), require her to demonstrate that she has "a bona fide religious belief that conflicts with an employment requirement[.]" *Jones*, 319 F.3d at 359. Rogers's retaliation claims (*i.e.*, her Title VII claim in Count II and her NFEPA claim in Count III), do not require her to show a bona fide religious belief. They instead require her to demonstrate that she engaged in a statutorily protected activity, an adverse action was taken against her, and there is a causal connection between that adverse action and the protected activity. *See Ollis*, 495 F.3d at 576; *Muldrow*, 30 F.4th at 691.

NUIHC's primary argument takes aim at Rogers's failure "to plead any circumstances which would explain how her opposition to COVID-19 vaccination is rooted in religion or part of a broader religious faith." Filing 7 at 10. This certainly matters when it comes to demonstrating a "bona fide religious belief" as Rogers must do on Counts I and IV, but it is of significantly less consequence when it comes to the retaliation claims alleged Counts II and III because they have

---

[3] NFEPA is based on Title VII. *See City of Fort Calhoun v. Collins*, 500 N.W.2d 822, 825 (Neb. 1993). "Both the Nebraska Supreme Court and [the Eighth Circuit] have stated the NFEPA 'is patterned after Title VII,' and, therefore, 'it is appropriate to consider federal court decisions construing the federal legislation' when considering questions under the NFEPA." *Al-Zubaidy v. TEK Indus., Inc.*, 406 F.3d 1030, 1039 (8th Cir. 2005) (quoting *Collins*, 500 N.W.2d at 825); *see also Tremaine v. Goodwill Indus., Inc.*, No. 8:16CV488, 2017 WL 394490, at *2 (D. Neb. Jan. 27, 2017) ("Retaliation claims under the NFEPA are governed by the same standard as claims for retaliation under Title VII"); *Pedersen v. Casey's Gen. Stores, Inc.*, 978 F. Supp. 926, 931 (D. Neb. 1997) (assuming that the NFEPA "is identical to federal law" regarding the prima facie elements for a religious discrimination claim); *cf. Reyes v. Pharma Chemie, Inc.*, 890 F. Supp. 2d 1147, 1160 (D. Neb. 2012) (concluding that because NFEPA is patterned in part after Title VII, it was appropriate to apply the same standards to the plaintiff's NFEPA claim as it applied to his Title VII claim). Thus, the Court can analyze together Rogers's NFEPA and Title VII claims based on religious discrimination and can analyze together her NFEPA and Title VII claims based on retaliation.

no such requirement. Unlike the parties, the Court will analyze the discrimination claims in Counts I and IV and then separately address the retaliation claims in Counts II and III.

### C. The Religious Discrimination Claims in Counts I and IV

#### 1. Applicable Standards

Title VII of the Civil Rights Act of 1964 "prohibits two categories of employment practices." *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 771 (2015). The first category, set forth in 42 U.S.C. § 2000e-2(a)(1), is often referred to as the "disparate treatment" or "intentional discrimination" provision. *Abercrombie & Fitch*, 575 U.S. at 771. The second category, set forth in 42 U.S.C. § 2000e-2(a)(2), is often referred to as the "disparate impact" provision. *Abercrombie & Fitch*, 575 U.S. at 771. As for "disparate treatment" discrimination—the kind at issue in this case—Title VII declares "it unlawful for an employer to fail or refuse to hire or to discharge any individual 'because of such individual's . . . religion.'" *E.E.O.C. v. N. Mem'l Health Care*, 908 F.3d 1098, 1100 (8th Cir. 2018). "The term 'religion' is defined to include 'all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship.'" *Id.* (quoting 42 U.S.C. § 2000e(j)).

To establish a *prima facie* case of religious discrimination under Title VII, plaintiffs must demonstrate: "[1] that they have a bona fide religious belief that conflicts with an employment requirement; [2] that they informed [the defendant] of this belief; and [3] that they were disciplined for failing to comply with the conflicting requirement of employment." *Jones*, 319 F.3d at 359; *see also E.E.O.C. v. Kroger Ltd. P'ship I*, 608 F. Supp. 3d 757, 776 (E.D. Ark. 2022) (noting that subsequent to *Jones*, the Supreme Court lowered the plaintiff's burden on the second prong and that "it is sufficient to prove that the employer was in some way aware of the employee's need for

7

an accommodation").[4] A plaintiff is not required to set forth facts establishing a *prima facie* case for her Title VII claim at the pleading phase. *Harrell v. Donahue*, 638 F.3d 975, 979 (8th Cir. 2011). At the same time, "the elements of the prima facie case are not irrelevant to a plausibility determination in a discrimination suit." *Warmington v. Bd. of Regents of Univ. of Minnesota*, 998 F.3d 789, 796 (8th Cir. 2021) (cleaned up). Rather, these elements are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim." *Id.* (internal quotation marks and citations omitted). "Through this prism, the complaint '*must include sufficient factual allegations to provide the grounds on which the claim rests*.'" *Id.* (citations omitted) (emphasis in original).

   2. Discussion

NUIHC argues that "it is necessary to consider whether [Rogers's] opposition to the COVID-19 vaccination is a religious belief under Title VII" because if it is not then she has failed to plead a Title VII claim. *See* Filing 7 at 8. Specifically, it faults Rogers for "fail[ing] to plead any circumstances which would explain how her opposition to COVID-19 vaccination is rooted in religion or part of a broader religious faith." Filing 7 at 10. NUIHC is correct. Rogers offers nothing in her Complaint (or her brief for that matter) explaining how COVID-19 vaccination runs afoul of her religion. *See generally* Filing 1; Filing 9. Thus, the question before the Court is whether

---

[4] There are also at least two formulations of the first prong. As one district court judge within the Eighth Circuit recently observed,

> The Eighth Circuit, over the years, has articulated two slightly different versions of the *prima facie* standard's first prong. The more commonly used version is that a plaintiff must show "a bona fide religious belief that conflicts with an employment requirement." *Jones v. TEK Indus.*, 319 F.3d 355, 359 (8th Cir. 2003). The less commonly used version is that a plaintiff must prove he or she "has a bona fide belief that compliance with an employment requirement is contrary to his [or her] religious faith." *Vetter v. Farmland Indus., Inc.*, 120 F.3d 749, 751 (8th Cir. 1997). This slight difference in the articulation of the first prong seems to have played no role in the holding of any Eighth Circuit case.

*Kroger*, 608 F. Supp. 3d at 776 n.125.

Rogers's use of the phrase "sincerely held religious beliefs"—without any accompanying detail—is sufficient to state plausible claims for religious discrimination under Title VII and NFEPA or whether it is too conclusory to survive a Rule 12(b)(6) Motion to Dismiss.

For purposes of ruling on this Motion, the Court concludes that NUIHC is not merely challenging the sincerity of Rogers's religious beliefs. If NUIHC were simply challenging the *sincerity* of Rogers's religious beliefs on this Rule 12(b)(6) Motion, such an argument would fail. *See Murphy v. Missouri Dep't of Corr.*, 372 F.3d 979, 983 (8th Cir. 2004) (recognizing that whether something "is a sincerely held religious belief is a factual determination"); *see also Vetter v. Farmland Indus., Inc.*, 120 F.3d 749, 752–53 (8th Cir. 1997) (noting that "[t]he jury had the duty to determine whether [the defendant's] residence requirement interfered with the observance or practice of [the plaintiff's] religion or whether he chose to live elsewhere because of a purely personal preference"); *E.E.O.C. v. Union Independiente de la Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 279 F.3d 49, 56 (1st Cir. 2002) ("Credibility issues such as the sincerity of an employee's religious belief are quintessential fact questions"); *Bethea v. Access Bank*, No. 8:17CV135, 2018 WL 1954246, at *2 (D. Neb. Apr. 19, 2018) ("Establishing that a religious belief is 'sincerely held' requires a determination of Plaintiff's credibility. And credibility issues such as the sincerity of an employee's religious belief are quintessential fact questions best left to a jury") (cleaned up). NUIHC is instead challenging whether Rogers has provided enough factual content in her Complaint to establish a facially plausible claim for relief given that Rogers has provided no details regarding the nature of her religious beliefs or how they are incompatible with COVID-19 vaccination.

9

The Court concludes that Counts I and IV cannot survive this Rule 12(b)(6) Motion because they are predicated on "mere conclusory statements and factual allegations lacking enough specificity to raise a right to relief above the speculative level." *See Richardson*, 2 F.4th at 1068 (cleaned up). Although Rogers alleges that her objection to the COVID-19 vaccine was due, at least in part, to her "sincerely held religious beliefs[,]" Filing 1 at 2 (¶9), she provides no further detail on this critical component of her Complaint. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true when considering a motion to dismiss, the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences, and sweeping legal conclusions cast in the form of factual allegations"). Rogers does not articulate or describe any particular beliefs that she maintains. Nor does she provide even a perfunctory explanation as to how her beliefs conflict with receiving a COVID-19 vaccine. Rogers's Complaint needed to say more. She has failed to articulate sufficient facts at this stage establishing a plausible claim for relief on Counts I and IV. *See Iqbal*, 556 U.S. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

In the Title VII context specifically, the Eighth Circuit has disapproved of relying on cursory phrases or "buzzwords" carrying legal connotations without "alleg[ing] a particular theory of relief in the complaint or facts to support such a theory." *See Paskert v. Kemna-ASA Auto Plaza, Inc.*, 950 F.3d 535, 540 (8th Cir. 2020); *see also Warmington*, 998 F.3d at 797 (concluding that a pleading which alleged the plaintiff had been terminated "on the basis of her sex" without supporting factual allegations was a "legal conclusion" that the court was not bound to accept). Rogers's Complaint runs afoul of these principles. Her brief reference to "religion" without any

10

accompanying detail or explanation is too cursory to satisfy Rule 8 pleading standards. *Cf. Schneider v. Kennelly*, No. 3:06-CV-64, 2009 WL 2982874, at *7 (D.N.D. Sept. 14, 2009) (Erickson, J.) (agreeing that an allegation in a complaint was "too cursory for the court to determine whether it has any legitimacy"). That alone is a sufficient basis to rule in favor of NUIHC's position on Counts I and IV, and it is the only basis on which the Court will do so. Rogers's nondescript and cursory reference to "religious beliefs" without any accompanying factual detail means that Counts I and IV fail to state cognizable claims. *See* Fed. R. Civ. P. 12(b)(6).

### D. The Retaliation Claims in Counts II and III

#### 1. Applicable Standards

In addition to discrimination claims under 42 U.S.C. § 2000e-2(a), Plaintiffs may also bring "retaliation" claims pursuant to 42 U.S.C. § 2000e-3. *See e.g.*, *N. Mem'l Health Care*, 908 F.3d at 1101. This latter provision "declares it unlawful for an employer to discriminate against an employee or applicant for employment 'because [she] has opposed any practice made unlawful by this subchapter,' or because she had made a charge of discrimination or participated in any proceeding under this subchapter." *Id.* (quoting 42 U.S.C. § 2000e-3). It "prohibits 'employers from retaliating against employees who have acted to vindicate their statutorily protected rights by reporting harassment or discrimination in the workplace." *N. Mem'l Health Care*, 908 F.3d at 1101 (quoting *Brannum v. Missouri Dep't of Corr.*, 518 F.3d 542, 547 (8th Cir. 2008)).

In order to establish a *prima facie* case of unlawful opposition-clause retaliation under § 2000e-3(a), a plaintiff "must present evidence that [she] opposed a practice made unlawful." *N. Mem'l Health Care*, 908 F.3d at 1101. However, courts apply "§ 2000e-3(a) broadly to cover opposition to employment actions that are not unlawful as long as the employee acted in a good faith, objectively reasonable belief that the practices were unlawful." *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 977–78 (8th Cir. 2012) (internal quotation marks omitted). Accordingly, for a

plaintiff to "establish a prima facie case of retaliation, she must show (1) she engaged in protected conduct, (2) she suffered a materially adverse employment act, and (3) the adverse act was causally linked to the protected conduct." *Id.* at 978; *accord Muldrow v. City of St. Louis Missouri*, 30 F.4th 680, 691 (8th Cir. 2022). As with Title VII claims for religious discrimination, plaintiffs alleging retaliation claims under 42 U.S.C. § 2000e-3 are not strictly required to plead facts establishing a prima facie case. *See Wilson v. Arkansas Dep't of Hum. Servs.*, 850 F.3d 368, 372 (8th Cir. 2017). In fact, the Eighth Circuit has said, "Under the 'simplified notice pleading standard' that governs *McDonnell Douglas* retaliation claims, summary judgment motions—not motions to dismiss—should dispose of most unmeritorious claims." *Id.*

   2. Discussion

      a. Rogers's conclusory reference to her "religious beliefs" does not impact the plausibility of her retaliation claims

As the Court previously noted, there is a significant difference between the religious discrimination claims in Counts I and IV and the retaliation claims in Counts II and III. Rogers does not need to establish a bona fide religious belief to go forward on her retaliation claims. So while NUIHC might fault her for "not lay[ing] out her religious beliefs in the Complaint[,]" Filing 7 at 10, this argument is only persuasive when it comes to Counts I and IV. With regard to the retaliation claims in Counts II and III, what matters is whether (1) Rogers engaged in a statutorily protected activity, (2) suffered a materially adverse employment action, and (3) a causal connection exists between these two events. *See Ollis*, 495 F.3d at 576 (addressing the *prima facie* elements for a Title VII retaliation claim); *Tremaine*, 2017 WL 394490, at *2 (noting that retaliation claims under NFEPA are subject to the same standard as retaliation claims under Title VII). None of these elements necessarily turn on the nature of Rogers's religious beliefs; therefore,

the Court will not grant NUIHC the relief it seeks on Counts II and III based on Rogers's failure to plead sufficient factual content regarding her religious beliefs.

> b. NUIHC's backup argument—that it could not have provided a reasonable accommodation—is inapposite.

NUIHC further contends that Rogers "will not be able to establish that NUIHC could have provided accommodation to [her] without significant undue hardship" and that "[f]or this reason, [Rogers] is unable to plead a cognizable claim of religious discrimination." Filing 7 at 12. This fact-dependent argument fails for at least two reasons. First, this argument fails because this is a Rule 12(b)(6) Motion to Dismiss where the Court must accept Rogers's well-pleaded factual allegations as true. *Braden*, 588 F.3d at 594. Second, even if this argument only relates to Rogers's claims of religious discrimination in Counts I and IV, it has nothing to do with her claims of retaliation in Counts II and III.[5] Even if the Court were to ignore that this matter is before the Court on a Rule 12(b)(6) Motion and assume for the sake of argument that the facts will show NUIHC could not have provided a reasonable accommodation to Rogers, this still has no bearing on her retaliation claims. What matters for purposes of these claims is whether Rogers engaged in protected conduct, suffered a material adverse employment action, and whether this adverse action was causally linked to the protected conduct. *Muldrow*, 30 F.4th at 691. Accordingly, this

---

[5] The Court already concluded that Counts I and IV fail to state claims for a different reason; thus, there is no need to consider this argument as it relates to those claims. In addition to the fact that this argument has been mooted and NUIHC has erroneously presented it on a pre-Answer Rule 12(b)(6) Motion, it is also prudent to avoid present consideration of this matter given the Supreme Court's recent grant of *certiorari* in *Groff v. Dejoy*. That case questions whether courts should continue to apply "the more-than-deminimis-cost test for refusing Title VII religious accommodations stated in *Trans World Airlines, Inc. v. Hardison*, 432 U. 63 (1977)" and "[w]hether an employer may demonstrate 'undue hardship on the conduct of the employer's business' under Title VII merely by showing that the requested accommodation burdens the employee's co-workers rather than the business itself." See *Groff v. Dejoy*, 143 S. Ct. 646, 646 (2023); Questions Presented, *Groff v. Dejoy*, No. 22-174 (U.S.), *available at* https://www.supremecourt.gov/qp/22-00174qp.pdf (last visited Apr. 17, 2023). It is fair to say that *Groff* has the potential to directly impact the fundamental legal framework that governs cases like this. Cf. *Welcome v. Amplity, Inc.*, No. 4:22–CV–00830–RK, 2023 WL 2542617, at *4 (W.D. Mo. Mar. 16, 2023) (concluding it was appropriate to enter a "a short stay pending the Supreme Court's anticipated decision in *Groff v. Dejoy*").

argument is irrelevant to Rogers's retaliation claims in Counts II and III. Because both of NUIHC's arguments for dismissal of Rogers's retaliation claims under NFEPA and Title VII fail, NUIHC's Motion to Dismiss is denied as to these two claims.

### E.  The Court Will Not Grant Leave to Amend but Will Dismiss Without Prejudice

Because the Court has concluded that Counts I and IV fail to state cognizable claims but Counts II and III survive NUIHC's Rule 12(b)(6) Motion, the Court must now consider whether it should entertain Rogers's alternative request for leave to amend her Complaint in order to correct the deficiencies in Counts I and IV. *See* Filing 9 at 4. This Court's local rules provide that "[a] party who moves for leave to amend a pleading . . . must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." NECivR 15.1(a). This local rule is consistent with Eighth Circuit precedent holding "that to preserve the right to amend a complaint a party must submit a proposed amendment along with its motion." *Wolgin v. Simon*, 722 F.2d 389, 395 (8th Cir. 1983) (footnote omitted); *see also Soueidan v. St. Louis Univ.*, 926 F.3d 1029, 1036 (8th Cir. 2019); *Olson v. Amatuzio*, 799 F. App'x 433, 437 (8th Cir. 2020), *cert. denied*, 141 S. Ct. 255. Courts are afforded discretion in determining whether to grant leave to amend a complaint. *See City of Plantation Police Officers Pension Fund v. Meredith Corp.*, 16 F.4th 553, 558 (8th Cir. 2021).

Rogers did not abide by the necessary requirements when requesting leave to amend as an alternative to dismissal. *See* Filing 9 at 4. She did not submit a proposed amended pleading, and her single-sentence request at the conclusion of her brief does not explain how she would amend her Complaint to remedy its deficiencies. Under the present circumstances, without a proposed amended complaint, it is unclear whether Rogers can remedy the deficiencies in her pleading regarding the nature of her religious beliefs and how they conflict with COVID-19 vaccination.

14

Given her failure to follow this Court's local rules and Eighth Circuit precedent, the Court will deny her alternative request for leave to amend her Complaint in lieu of dismissal at this time. The appropriate course is to instead dismiss these claims without prejudi*ce. See Orr v. Clements*, 688 F.3d 463, 465 (8th Cir. 2012) (noting that dismissal pursuant to Rule 12(b)(6) "can be rendered without prejudice if the court so specifies").

A dismissal without prejudice does not foreclose the opportunity for Rogers to seek leave to amend her Complaint to reassert her claims in Counts I and IV in the future, but it also does not give her permission to do so. Rogers may seek to reassert her claims in Counts I and IV by moving for leave to file an Amended Complaint with this Court, as long as she does so in accordance with this Court's local rules and governing precedent. This disposition is appropriate and consistent with the interests of justice for several reasons. First, NUIHC has not specifically requested dismissal with prejudice in either its Motion or its briefs. *See* Filing 6 at 1; Filing 7 at 12; Filing 10 at 5. Second, NUIHC did not expressly oppose Rogers's request for leave to amend. *See generally* Filing 10. Third, repleading Counts I and IV so as to remedy the deficiencies identified in this Order would not necessarily be an exercise in futility. *See U.S. ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005).

### III. CONCLUSION

For the foregoing reasons, the Court grants NUIHC's Motion to Dismiss, Filing 6, in part and denies it in part. Accordingly,

IT IS ORDERED:

1. Counts I and IV of Rogers's Complaint, Filing 1, are dismissed without prejudice;

2. Counts II and III of Rogers's Complaint, Filing 1, remain pending; and

3. The Court denies Rogers's request for leave to amend her Complaint without prejudice to reassertion in full compliance with applicable rules.

15

Dated this 18th day of April, 2023.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge